AO 91 (Rev. 02/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

United States of America
v.
Karina KS
Perla Tovar
Adriana Mendoza

Case No. 19-MJ-1837

*Defendant*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of 06/28/2019 in the county of Dona Ana in the Judicial District of New Mexico, the defendant violated 21 U.S.C. § 846 an offense described as follows:

Knowingly, intentionally, and unlawfully; conspired, combined, confederated, and agreed with others to possess with intent to distribute a controlled substance, to wit approximately 3.55 kilograms of cocaine a Schedule II controlled substance, in violation of Title 21 U.S.C. 846.

This criminal complaint is based on these facts:
See attached Affidavit, which is marked Attachment "A", and which is incorporated by reference as if fully set out herein.

☑ Continued on the attached sheet.

*Complainant's signature*

DEA Special Agent, Allan Russo
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 06/29/2019

*Judge's signature*

City and state: Las Cruces, New Mexico

United States Magistrate Judge, Kevin R. Sweazea
*Printed name and title*

United States of America
V.
Perla Tovar
Adriana Mendoza

ATTACHMENT "A"
**AFFIDAVIT**

I, Allan Russo, Affiant, being duly sworn, state that the following information is true and correct to the best of my knowledge and belief:

The following information is based upon information provided to me by other agents and is presented as probable cause to arrest Perla Tovar and Adriana Mendoza. Since this affidavit is being submitted for the limited purpose of establishing probable cause, your Affiant has not included each and every known fact regarding this investigation. More specifically, your Affiant has set forth only pertinent facts that your Affiant believes are necessary to establish probable cause.

On June 28, 2019, Special Agent Jorge Cerda, who was acting in an undercover ("UC") capacity, arranged for a reverse operation, in which the UC was to provide approximately 3.55 kilograms of cocaine to Adriana Mendoza. The UC spoke with Mendoza on the phone, through several recorded calls, and arranged to meet Mendoza in the Walmart parking lot, located at 571 Walton Boulevard, Las Cruces, NM. At approximately 2:00 p.m., Mendoza called the UC and advised that Mendoza was at the Walmart and was driving a black Nissan Armada. Agents watched as a black Nissan Armada arrived in the parking lot and parked. The UC arrived a few minutes later and parked near the Nissan. Mendoza exited the rear passenger seat of the Nissan and entered into the UC vehicle. The UC and Mendoza had a conversation, which was recorded on a covert recording/transmitting device. After approximately one to two minutes the UC and Mendoza exited and went to the trunk area of the UC vehicle. The UC showed Mendoza bricks of fake cocaine ("sham"), which were made by agents to resemble half kilograms of cocaine. These fake bricks were being stored in a black backpack in the trunk of the UC vehicle. Mendoza took possession of the backpack and walked back toward the Nissan. Mendoza entered back into the rear passenger seat of the Nissan as agents were arriving near the Nissan. Agents activated their emergency lights and sirens to announce a police presence, and the driver of the Nissan put the vehicle in gear and drove forward in an attempt to elude agents/officers. The Nissan struck an unmarked New Mexico State Police vehicle head on and fled the scene in the parking lot. While fleeing in the Walmart parking lot, Mendoza threw the backpack containing the "sham" out of the window of the Nissan. The backpack was recovered by agents a short time later. The Nissan eventually came to a stop and the driver, Perla Tovar, and Mendoza were taken into custody.

Tovar and Mendoza were both transported to the DEA Las Cruces Resident Office for an interview and processing. Agents read Tovar her Miranda Warnings, and Tovar indicated that she understood her rights, and was willing to speak with agents. Tovar advised that she was in contact with a subject known as David Favela, who is in prison in Ciudad Juarez, Mexico. Tovar stated that Favela instructed Tovar to meet with the UC and obtain drugs from him. Tovar stated she knew that what she was picking up was drugs, but that she didn't know which type of drugs. Tovar related that she was the main contact with Favela, and that her sister (Mendoza) was the one coordinating everything with the UC at her direction. Tovar stated that she panicked when agents pulled up behind, and in front of her, and she just wanted to get out of the area.

Agents read Mendoza her Miranda Warnings next. Mendoza acknowledged that she understood her rights and would speak with agents. Mendoza stated the same facts as Tovar, and that she knew that she was obtaining drugs from the UC. Both Tovar and Mendoza advised that they were supposed to hold onto the drugs for 2-3 days until Favela called them and told them who to give it to next.

United States of America
V.
Perla Tovar
Adriana Mendoza

The facts of the case were presented to Assistant United States Attorney (AUSA) Renee Camacho who authorized the case for federal prosecution.

Based on the above information, your Affiant believes that Perla Tovar and Adriana Mendoza did knowingly, intentionally, and unlawfully conspired and agreed with others to possess with intent to distribute a controlled substance, to wit approximately 3.55 kilograms of cocaine, a Schedule II controlled substance, in violation of Title 21 U.S.C. 846.

_____
DEA Special Agent,
Allan Russo

_____
United States Magistrate Judge